

**STEELE**CHAFFEE

## CONTRACT FOR EMPLOYMENT OF ATTORNEYS

*WHEREAS,* this agreement is between **Kimberly Carrington** (**"CLIENT"**) and **STEELE CHAFFEE, LLC** (**"FIRM"**).

*WHEREAS*, **CLIENT**, currently resides at **10501 1st Place NE, Lake Stevens, WA 98258**.  CLIENT acknowledges that the stated address is correct and accurate.  CLIENT understands that CLIENT alone is solely responsible for notifying the FIRM of any change in address, and that failure to do so could result in the FIRM withdrawing from this employment upon ten (10) days written notice to CLIENT, addressed to the Client's last known address.

**SCOPE OF REPRESENTATION** - WHEREAS, CLIENT is the legal heir/legal representative of **Lou Wisniewski** ("Decedent") and has retained the FIRM to investigate and represent Client in pursuing a potential claim of nursing home negligence against **Sunterra Springs Independence** only ("The Claim"). CLIENT understands that though CLIENT may have additional legal matters or concerns, that the FIRM is not investigating such claims and that the FIRM's representation shall extend only to the Claim.  The FIRM does not provide tax or accounting advice and the FIRM does not consent to represent CLIENT on matters other than the Claim unless specific written consent is given by the FIRM to CLIENT.  Unless specifically agreed to, the FIRM is not agreeing to pursue any loss of consortium or other claim that a spouse of an injured party might have.

**ATTORNEY'S FEES & LITIGATION EXPENSES** - *NOW, THEREFORE,* in consideration of such legal services to be rendered, the said CLIENT hereby agrees the FIRM will represent CLIENT on a contingency fee basis.

> **The contingency fee will be 40% of any recovery after the filing of a lawsuit.**

> **The FIRM'S fee will never exceed 40% for its representation in this matter.**

> *IN THE EVENT OF NO RECOVERY, CLIENT SHALL OWE NO ATTORNEY FEES.*

**FEE CALCULATION** - The respective fee percentage for legal representation outlined above shall apply to the total proceeds of any settlement or recovery and that the litigation expenses shall be reimbursed to the FIRM in addition to the attorney fee.

**LITIGATION EXPENSES** - Any preparation costs, such as expert witness fees, filing fees, deposition costs, accident reports, medical reports, court costs, and other litigation expenses ("litigation expenses") advanced by the FIRM are to be repaid **after** attorneys' fees are deducted from any settlement or recovery. CLIENT understands and agrees that all such litigation expenses will be advanced by the FIRM from a line of credit established by the FIRM for that purpose. CLIENT shall not be obligated on this line of credit. However, CLIENT understands and agrees that interest on litigation expenses advanced will be added to such expenses. Said interest shall not be more than charged to the FIRM for the amounts advanced to CLIENT'S case. Further litigation expenses shall not include any assessment of costs which might be incurred as the result of an adverse verdict and in no event will the FIRM be responsible for such costs. Litigation expenses do not include CLIENT'S medical bills, liens, subrogation expenses or other expenses incurred directly by CLIENT. CLIENT agrees that they are solely responsible for the payment of all medical bills and/or liens asserted for such bills.

**ASSOCIATED COUNSEL** - CLIENT agrees that if the FIRM believes it to be beneficial to employ or associate with any other attorney to assist in the preparation or prosecution of the case, that the FIRM may do so in its discretion.  In the event that the FIRM chooses to associate other counsel, CLIENT will be provided the details of such association in writing and such association will not result in any increase in the attorney fee charged to CLIENT. CLIENT understands and agrees that associated counsel may receive a portion of the attorney fee in this case and be reimbursed for their litigation expenses.

**CO-COUNSEL** - N/A.

**SETTLEMENT**   The FIRM shall have authority to evaluate CLIENT'S case and submit settlement evaluations and proposals to all insurance companies involved, but the ultimate decision to settle CLIENT'S case shall rest with CLIENT and that the

1

816.466.5947 **NURSINGHOMEABUSELAW.COM** 2345 GRAND BLVD, SUITE 750, KANSAS CITY, MO 64108



FIRM will make no settlement without first consulting CLIENT.

**NO GUARANTEE OF OUTCOME** - The FIRM makes no warranties or representations concerning the successful termination of the undersigned's claim or the favorable outcome of any legal action that may be filed, and attorney does not warrant or guarantee that he will obtain reimbursement for any of the costs or expenses resulting from the accident out of which the claim arises and statements of the attorney on these matters are statements of opinion only.

**PRELIMINARY INVESTIGATION** - CLIENT understands that the FIRM will conduct a preliminary investigation of CLIENT's claims and file suit if warranted in the discretion of the FIRM. If after a preliminary investigation of CLIENT'S claims, the FIRM declines further representation of CLIENT, the FIRM may terminate this CONTRACT and withdraw from representation with no further obligation to CLIENT.

**TERMINATION OF REPRESENTATION** - In the event there is no reasonable chance of recovering on said claim, or if CLIENT fails to sufficiently cooperate, or should a desire to withdraw be indicated by the FIRM or its attorneys, the FIRM may withdraw from this employment upon ten (10) days written notice to CLIENT, addressed to the CLIENT's last known address.

CLIENT may, after hiring the FIRM, decide to hire a different attorney to pursue this matter. In that event, the FIRM is entitled to reimbursement of all costs and expenses advanced, along with payment for the reasonable value of legal services provided, if a recovery is eventually made by CLIENT.

**LIENS & SUBROGATION CLAIMS** – CLIENT'S health insurer may claim a "lien" against the proceeds of CLIENT'S case for the cost of providing medical care. CLIENT hereby acknowledges and provides their informed consent for the FIRM, at its sole discretion, to hire a lien resolution specialist – including Massive Medical and Subrogation Specialists – to reduce the value of any liens, and expedite the resolution of CLIENT'S case. The expense of any such service shall be treated as a case expense and shall be deducted from the CLIENT's net recovery and shall not be paid out of the FIRM's contingent fee. CLIENT also hereby acknowledges that any lien is paid from CLIENT'S proceeds of any settlement or judgment and is not a case expense.

**COURT REPORTING SERVICES** – FIRM intends to engage Steno Court Reporting Services ("Steno") to provide certain court reporting and litigation support services. FIRM has selected Steno because Steno's fee arrangements provide the Firm with certain benefits not present with other similar providers. These benefits include the ability of the FIRM (and the CLIENT) to avoid the need to pay for the services if there is no recovery, in the case of Non-Recourse. However, if FIRM is entitled to recover the costs of the Steno services from settlement or judgment, the total cost incurred by CLIENT resulting from the use of Steno is or may be greater because of these benefits than if another provider were utilized.

CLIENT understands that FIRM's Agreement with Steno absolutely precludes Steno's access to, or use of the client's confidential information in any way, other than as required for the provisioning of Steno's services and CLIENT acknowledges that there is no risk that FIRM would violate CLIENT's confidences or in any way permit Steno to influence the outcome of the matter.

CLIENT understands that CLIENT is free to consider and direct the FIRM to use another vendor or pay Steno at the time of service at a lower rate. If CLIENT does so, CLIENT must notify FIRM of this election. However, by signing this contract, CLIENT acknowledges and accepts FIRM's use of Steno for court reporting services and the effect any payment has on upfront costs and/or CLIENT'S net recovery.

**APPEALS** - In no event shall the FIRM be required to appeal any ruling or decision of any court in which claim is filed, except when in his sole judgment, he feels such appeal should be taken. The preceding amount of compensation shall be subject to renegotiation should an appeal be necessary.

**CASE FILES** - CLIENT understands that CLIENT's file will be stored electronically and that hard copies of documents will be destroyed after they are electronically scanned. CLIENT also specifically authorizes destruction of the entire file five (5) years from the date the file is closed. CLIENT further understands that any and all medical records acquired from any source

2

will NOT be retained in the closed file and will be destroyed unless the CLIENT affirmatively makes written arrangements to pick up the medical records.

SIGNED BY:

_____          9/18/23
CLIENT or CLIENT'S REPRESENTATIVE              DATE

_____          9/18/23
STEELE CHAFFEE, LLC REPRESENTATIVE             DATE

3